UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ST. PAUL FIRE AND MARINE INSURANCE
COMPANY, *as subrogee of* Movers, Inc.,    :

            07 Civ. 1912 (GWG)

       Plaintiff,    :

  -v.-    :    OPINION AND ORDER

DELTA AIR LINES, INC.,    :

       Defendant.    :

-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

St. Paul Fire and Marine Insurance Company ("St. Paul"), as subrogee of Movers, Inc., has sued Delta Air Lines, Inc. for damages arising out of 21 contracts for the interstate shipment of fresh seafood. Delta now moves for summary judgment on the ground that Movers' letters to Delta claiming loss did not provide Delta with adequate information. The parties have consented to disposition of this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons stated below, Delta's motion is denied.

I.    BACKGROUND

Movers is a freight forwarder that arranges for the interstate air shipment of seafood. See Deposition of David Beach 6:10-21, annexed as Ex. 3 to Affirmation in Support of Defendant's Motion for Summary Judgment, filed June 6, 2008 (Docket #21) ("D. Aff."). For each of the 21 shipments of seafood at issue in this case, Delta issued an air waybill stating that the shipments "are subject to governing rates, rules and classifications stated in [Delta's] most recent ATPCO Tariff." See Ex. 1 to D. Aff. The rules in that tariff in effect at the time of the 21 shipments

1

provided as follows:

>G60 - CLAIM PROCEDURE
>(A) (Not applicable to/from Canada) All claims, including claims for overcharges, must be made to Delta in writing within sixty (60) days after the date of acceptance of the shipment by Delta.
>
>G63 - LIMITATION OF ACTION
>Delta shall not be liable in any action brought to enforce a claim, except for overcharges, unless the provisions of Rule No. G60 have been complied with by the claimant, and unless such action is brought within two years from the date Delta accepted the shipment for transportation.

Ex. 2 to D. Aff. The tariff contains no further requirements for the contents of a claim.

Within 60 days of each of the 21 shipments, Movers sent a letter to Delta stating: "A problem has been experienced with the shipment." See Ex. 8 to D. Aff. Each letter provided the date and number of the air waybill, the destination, and the total dollar value of the shipment. Id. Each letter concluded with the following sentence: "This is to serve as notice of formal claim against you." Id.

II. DISCUSSION

Delta has moved for summary judgment asserting that St. Paul's claims are barred by the tariff's notice-of-claim provision.[1]

A. Law Governing Motions for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any

---

[1] See Notice of Motion, filed June 6, 2008 (Docket #20); Memorandum of Law in Support of Defendant Delta Air Lines, Inc.'s Motion for Summary Judgment, filed June 6, 2008 (Docket #22) ("D. Mem."); Memorandum of Law in Opposition to Defendant Delta Airlines, Inc.'s Motion for Summary Judgment, filed June 20, 2008 (Docket #25); Reply Memorandum of Law in Support of Defendant Delta Air Lines, Inc.'s Motion for Summary Judgment, filed June 27, 2008 (Docket #27) ("D. Reply Mem.").

2

affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact "may reasonably be resolved in favor of either party" and thus should be left to the finder of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). There are no issues of fact in dispute with respect to the instant motion.

  B. <u>Law Governing Interstate Air Freight Contracts</u>

Actions for loss or damage to interstate air shipments are governed by federal common law. See, e.g., <u>Nippon Fire & Marine Ins. Co. v. Skyway Freight Sys., Inc.</u>, 235 F.3d 53, 59 (2d Cir. 2000); <u>N. Am. Phillips Corp. v. Emery Air Freight Corp.</u>, 579 F.2d 229, 233-34 (2d Cir. 1978); accord <u>Arkwright-Boston Mfrs. Mut. Ins. Co. v. Great W. Airlines, Inc.</u>, 767 F.2d 425, 427 (8th Cir. 1985); <u>First Pa. Bank, N.A. v. E. Airlines, Inc.</u>, 731 F.2d 1113, 1115-19 (3d Cir. 1984). Thus, federal jurisdiction is properly based upon 28 U.S.C. § 1331, which "support[s] claims founded upon federal common law as well as those of a statutory origin." <u>Illinois v. City of Milwaukee</u>, 406 U.S. 91, 100 (1972); <u>Nippon</u>, 235 F.3d at 59 n.2.

Under federal common law, a notice-of-claim clause, such as the one contained in Delta's tariff, is enforceable as long as the time limit is not unreasonable. <u>The West Arrow</u>, 80 F.2d 853, 856 (2d Cir. 1936); <u>The J.L. Luckenbach</u>, 65 F.2d 570, 573 (2d Cir. 1933). The Supreme Court in <u>Georgia, Florida & Alabama Railway v. Blish Milling Co.</u>, 241 U.S. 190 (1916), explained:

> Ordinarily the managing officers, and those responsible for the settlement and contest of claims, would be without actual knowledge of the facts of a particular transaction. The purpose of the stipulation [in the bill of lading providing for the filing of claims for loss or damage] is not to escape liability, but to facilitate prompt investigation. And, to this end, it is a precaution of obvious wisdom, and in no respect repugnant to public policy, that the carrier by its contracts should

require reasonable notice of all claims against it even with respect to its own operations.

Id. at 196.

At issue in the present case is whether the 21 letters complied with the notice-of-claim provision of the contract of carriage. The governing provisions, quoted above, do not require a particular format for a claim; nor do they require the inclusion of specific information. See Exs. 1-2 to D. Aff. Delta, however, asserts that a notice of claim must include the nature of the loss and the amount of damages. See D. Mem. at 8.

C. Notice of Claim Requirements Under Federal Common Law

Before addressing the merits of the dispute, we examine what sources of federal law should guide our decision. Prior to 1972, courts looked to the federal common law to determine whether common carriers had been given adequate notice of claims, including when courts were deciding cases governed by the Carmack Amendment to the Interstate Commerce Act ("I.C.A."), now codified at 49 U.S.C. §§ 11707, 14706. See, e.g., Ins. Co. of N. Am. v. Newtowne Mfg. Co., 187 F.2d 675, 680-81 (1st Cir. 1951); Del., Lackawanna & W. R.R. v. United States, 123 F. Supp. 579, 582 (S.D.N.Y. 1954); Bond Stores v. Overland Package Freight Serv., 171 Misc. 135, 137-38 (Mun. Ct. 1939). In 1972, however, the Interstate Commerce Commission issued regulations addressing the standards for a notice of claim under the I.C.A. See Processing of Loss and Damage Claims, 37 Fed. Reg. 4257 (Mar. 1, 1972) (codified at 49 C.F.R. § 1005.2). After the promulgation of these regulations, courts no longer used federal common law to determine the adequacy of notice of claim in cases governed by the I.C.A. inasmuch as "the very fact that the regulations identify a properly constituted claim as one that contains certain minimum filing requirements distinguishes the standard established by the I.C.C. regulations

4

from the standard established by the case law." Pathway Bellows, Inc. v. Blanchette, 630 F.2d 900, 903 n.5 (2d Cir. 1980) (citing Wis. Packing Co. v. Ind. Refrigerator Lines, Inc., 618 F.2d 441, 446 (7th Cir. 1980)).

Despite the inapplicability of these regulations, Delta cites a number of cases governed by the I.C.A. for the purpose of establishing the legal requirements for the notice of claim here. See D. Mem. at 5 (citing Pathway Bellows, 630 F.2d at 903 n.4; Molloy v. Allied Air Lines, Inc., 267 F. Supp. 2d 1246, 1255 (M.D. Fla. 2003); Gen. Elec. v. Brown Transp. Corp., 597 F. Supp. 1258, 1260, 1264 (E.D. Va. 1984); D. Mem. at 7 (citing Adelman v. Hub City Los Angeles Terminal, 856 F. Supp. 1544, 1550 n.9 (N.D. Ala. 1994)). These cases have no relevance, however, because they rely on the I.C.C. regulations to determine the adequacy of notice rather than federal common law. See Arkwright-Boston Mfrs., 767 F.2d at 427-28 (concluding that cases decided under the Carmack Amendment standards are not a source of federal common law in non-I.C.A. cases).

Unlike the I.C.C. regulations, federal common law does not specifically define the standard for adequacy of a notice of claim under contracts of carriage. The Supreme Court has held that a notice of claim "does not require documents in a particular form. It is addressed to a practical exigency and it is to be construed in a practical way." Blish Milling, 241 U.S. at 198. Generally, courts look to the purpose of notice-of-claim clauses in determining whether a claim is adequate under the common law. See, e.g., Am. Synthetic Rubber Corp. v. Louisville & Nashville R.R., 422 F.2d 462, 468 (6th Cir. 1970); Thompson v. James G. McCarrick Co., 205 F.2d 897, 901 (5th Cir. 1953); Minot Beverage Co. v. Minneapolis & St. Louis Ry., 65 F. Supp. 293, 295 (D. Minn. 1946); Louisville & Nashville Ry. v. Patton, 156 S.W.2d 474, 476 (Ky.

5

1941); Adler Upholstery Fabrics v. Akers Motor Lines, Inc., 54 Misc. 2d 360, 361 (Civ. Ct. 1967). That purpose is to "insure that the carrier may make a prompt and thorough investigation of the claim." Pathway Bellows, 630 F.2d at 903 n.5; accord Blish Milling, 241 U.S. at 196 ("The purpose of the stipulation [in the bill of lading providing for the filing of claims for loss or damage] is not to escape liability, but to facilitate prompt investigation."). The court in Minot Beverage Co. explained:

> That the provision must be interpreted in the light of its purpose seems both reasonable and necessary, for nothing in the context of the provision aids in explaining the meaning of the word 'claim.' To confine the term to narrower limits than the situation against which the parties intended to guard would seem unreasonable. For theory, not intent and practicality, would then determine its meaning.

65 F. Supp. at 295.

Here, Delta asserts that the notice of claim must specify the amount of the damages claimed. See D. Mem. at 5; D. Reply Mem. at 5-6. While the 1972 I.C.C. regulations require the specification of damages, see 49 C.F.R. § 1005.2(b)(3), cases decided under federal common law uniformly reject any requirement that damages be specified, see Thompson v. McCarrick, 205 F.2d at 901 ("There is no requirement that . . . [the] exact amount of damage be stated . . . ."); Minot Beverage Co., 65 F. Supp. at 296 ("Because plaintiff may have believed it necessary to file subsequently a more detailed form concerning the amount due does not mean that the objective of the provision was not satisfied by the first letter," which contained no specification of damages); Bond Stores, 171 Misc. at 138 ("While nowhere in the correspondence does the plaintiff set forth . . . the value which they attribute to the contents of this carton, there seems to be no requirement in law that they do so within the nine month limitation in order to establish a claim."); see also Gen. Elec., 597 F. Supp. at 1266 (noting that

6

under federal common law there was no requirement that "a claim must state a specified or determinable amount of damages").[2]

Delta also argues that Movers' notice of claim was defective because it failed to include a description of the nature of the loss. See D. Mem. at 4-5; D. Reply Mem. at 3-4. The cases cited by Delta, however, contain no holdings regarding disclosure of the "nature" of the loss. For example, while the court in Aero Mayflower Transit Co. v. Yarbrough, 535 S.W.2d 734 (Tex. Civ. App. 1976), mentioned in passing that a claim should include either the "amount of the claim or nature of the loss," see id. at 736, the dispositive issue was only whether the shipper had filed a notice that expressed an intention to hold the carrier liable for the loss suffered, see id. at 737. In Louisville & Nashville Railroad, notice was held to be insufficient because it did not satisfy any element of a claim: only one letter was sent during the claim period, which asserted no liability for the loss, and which was not even sent to the carrier, but to a third party. 156 S.W.2d at 475-76. The court mentioned the nature of loss element only in the context of a list of

---

[2] As previously noted. Delta cites a number of cases decided under the 1972 I.C.C. regulations, which have no applicability here. Two of the cases cited by Delta, Dawlen Corp. v. New York Central R.R., 43 N.W.2d 887 (Mich. 1950) and Farmland Indus., Inc. v. Seaboard Coast Line R.R., 733 F.2d 1509 (11th Cir. 1984), see D. Mem. at 5, do not state whether they are decided under the regulations or the common law. Dawlen, however, merely contains a statement that a claim "must include a demand for payment of damages." 43 N.W.2d at 888. The context of this statement makes clear that the court held only that the claimant must assert that the shipper is liable for damages suffered, not that the claimant must specify the amount of those damages. As for Farmland, it cites prominently to Wisconsin Packing Co. v. Indiana Refrigerator Lines, 618 F.2d 441, 452 & n.1 (7th Cir.1980), see 733 F.2d at 1510, a case decided under the I.C.C. regulations, suggesting that it was not applying federal common law. In any event, the statement in Farmland is of no relevance. While Farmland noted that "[o]ne of the principal functions of the notice requirement in the bill of lading is to allow the carrier to exactly compute its losses," 733 F.2d at 1510, there is nothing in the opinion to indicate that the claimant in Farmland provided timely notice of any kind. Thus the statement in Farmland did not constitute a holding as to what must be contained in a timely notice.

7

possible elements that could have constituted a proper claim against the carrier had the letter been addressed to it. See id. at 1476. Bond Stores provided a list of five elements in a claim, including "nature of the loss"; but its holding turned on whether two separate letters may be combined to establish a claim and whether the claimant must submit all supporting documentation prior to the expiration of the claim period. 171 Misc. at 137-38. Notably, dictum may be found that equally supports the notion that there is no requirement that the claim specify the "nature of the loss." Thus, in Thompson, the court stated that "[t]here is no requirement that a written instrument be submitted in detail or that the cause and exact amount of damage be stated thereon in order to constitute a valid claim." 205 F.2d at 901; see also Adler Upholstery, 54 Misc. 2d at 360-61 (finding a sufficient notice of claim where plaintiff had identified the nature of the shipment, its date, and its origin and destination).

In the end, Delta has not identified, and the court has been unable to locate, any case decided under federal common law in which a notice of claim has been deemed insufficient due to failure to identify the nature of the loss involved.

The Second Circuit has noted that

> courts applying the case law standard have been extremely reluctant to conclude that the written claim requirement has not been satisfied in any situation where a carrier has seen a written document noting damage to a particular shipment and implying the carrier's responsibility therefor.

Pathway Bellows, 630 F.2d at 903 n.5. That minimum standard – "a written document noting damage to a particular shipment and implying the carrier's responsibility therefor" – has indisputably been met here. Moreover, the purpose behind the notice-of-claim requirement – specifically, the need for the carrier to "make a prompt and thorough investigation of the claim," id. – similarly dictates the result in this case. Delta argues that it needs to know the amount of

8

the claim and the nature of the loss "in order that it may conduct an investigation." D. Mem. at 6. But it never explains <u>why</u> this information is needed in order to conduct an investigation. Keeping foremost in mind the Supreme Court's admonition that the obligation to submit a claim must "be construed in a practical way," and merely to "facilitate prompt investigation," <u>Blish Milling</u>, 241 U.S. at 196, 198, Movers' letters gave Delta all the information it needed to initiate an investigation into the nature of the claim and the total losses suffered. Delta could have contacted its own agents or Movers to request further information. While Delta complains that Movers was in possession of additional information that it failed to include in its claim letter, D. Mem. at 8-9, the purpose of the claim requirement is not to ensure that the claimant includes in the claim all the information it has. Rather the purpose is to allow the carrier to begin an investigation into the claim. Because, as a "practical" matter, the claim letters enabled Delta to commence a prompt investigation to obtain any information it needed about the claim, Movers' notices of claim were sufficient.

III. <u>CONCLUSION</u>

Delta's motion for summary judgment is denied.

Dated: October 10 2008
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

the claim and the nature of the loss "in order that it may conduct an investigation." D. Mem. at 6. But it never explains why this information is needed in order to conduct an investigation. Keeping foremost in mind the Supreme Court's admonition that the obligation to submit a claim must "be construed in a practical way," and merely to "facilitate prompt investigation," Blish Milling, 241 U.S. at 196, 198, Movers' letters gave Delta all the information it needed to initiate an investigation into the nature of the claim and the total losses suffered. Delta could have contacted its own agents or Movers to request further information. While Delta complains that Movers was in possession of additional information that it failed to include in its claim letter, D. Mem. at 8-9, the purpose of the claim requirement is not to ensure that the claimant includes in the claim all the information it has. Rather the purpose is to allow the carrier to begin an investigation into the claim. Because, as a "practical" matter, the claim letters enabled Delta to commence a prompt investigation to obtain any information it needed about the claim, Movers' notices of claim were sufficient.

III.   CONCLUSION

Delta's motion for summary judgment is denied.

Dated: October 10, 2008
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

9